UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ROBERT MEDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 13-cv-35-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHELBY COUNTY, KENTUCKY, | ) | **&** |
| et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

While in custody at the Shelby County Detention Center on June 9, 2010, Plaintiff Robert Medley was attacked by his cellmate, who threw boiling water on his face and chest. About a year later, he filed this § 1983 lawsuit alleging that the County and various staff members, among others, failed to protect him from the attack. [R. 1]. Medley's First Amended Complaint, which was filed within the limitations period, refers to "unknown doctor(s)" and "unknown nurse(s)," and his Second Amended Complaint specifically names Dr. Ronald Waldridge, Jr., Nurse Dana Aldridge, and Nurse Christina Peach as individual defendants. Those defendants have now moved for judgment on the pleadings on the ground that Medley's claims against them are time-barred. [R. 35]. The Court agrees and will GRANT the defendants' motion.

I

After he was charged with manufacturing methamphetamine, Plaintiff Robert Medley was delivered to the custody of the Shelby County Detention Center in May

2012. On June 9, another inmate named Anthony Howell, Jr. attacked him. Howell, who was boiling water in a hot-pot as permitted by SCDC, threw boiling water onto Medley's face and chest. Medley's injuries were initially treated with topical creams. The following morning, he was taken by ambulance to the University of Louisville's burn center, where he was diagnosed with second degree burns, as well as severe damage to his left ear and left eye. [R. 21 at ¶ 14]. Medley claims to have suffered complete hearing loss in that ear and decreased vision in his left eye. [*Id.*]

Medley filed this § 1983 action on June 7, 2013, alleging a failure-to-protect claim under the Eighth and Fourteenth Amendments, as well as a number of state law tort claims. [R. 1; *see also* R. 21]. His initial complaint named Shelby County, Anderson County, several individually-named officials and staff members, and unknown guards. [R. 1]. Three days later, he amended his complaint as of right to include SHP, "unknown doctors," and "unknown nurses" as additional defendants. [R. 2]. The parties proceeded to discovery, and on January 27, 2014, Medley moved for leave to amend his complaint to add Dr. Robert Waldridge, Nurse Dana Aldridge, and Nurse Christina Peach – SHP employees who were on duty at the time of the incident – as named defendants. [R. 18]. The Court granted the unopposed motion and filed the Second Amended Complaint on April 9. [R. 20; R. 21]. Dr. Waldridge, Nurse Aldridge, and Nurse Peach have now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), on the ground that Medley's claims against them are time-barred. [R. 35].

II

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the

pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citing *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

To satisfy the Rule 12(b)(6) standard, a complaint must not only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); it must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As is the case with a motion to dismiss under Rule 12(b)(6), a court reviewing a 12(c) motion must "accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs," *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005), but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556); *see also JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings may be granted only if, after accepting "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, . . . the moving party is nevertheless clearly entitled to judgment." *Winget*, 510 F.3d at 581.

Kentucky law provides the statute of limitations for Medley's federal § 1983 action, *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (the statute of limitations for § 1983 claims is "that which the state provides for personal-injury torts"); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984), as well as his supplemental state law claims, *Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740, 746 (E.D. Ky. 2011); *see also French v. Daviess*

3

*Cnty.*, No. 4:07-cv-105, 2009 WL 1766928, *5 (W.D. Ky. June 23, 2009). Under Kentucky Revised Statute § 413.140(1), then, Medley's § 1983 claim and each of his state law tort claims[1] are subject to a one-year statute of limitations. *See id.*; *see also West v. City of Paris*, No. 5:13-CV-193-JMH, 2014 WL 2800831, *1 (E.D. Ky. June 19, 2014) ("There is no dispute that the statute of limitations for both a federal § 1983 action and a claim for assault and battery under Kentucky law is one year.").

These claims accrued, at the latest, on June 10, 2012, when the attack took place and Medley's injuries were treated. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010) ("Kentucky law is clear that, absent a latent injury, the statute of limitations begins to run on the date the injury is inflicted even where . . . its full extent is not known until years later."). Medley moved to file his Second Amended Complaint, which included Dr. Waldridge, Nurse Aldridge, and Nurse Peach, on January 27, 2014, and it was filed in the record on April 9. Because his claims against these defendants were commenced more than one year after the incident, they are time-barred.

Medley does not disagree that this one-year limitations period applies, but argues that his claims against Dr. Waldridge, Nurse Aldridge, and Nurse Peach are saved because they relate back to the date of his First Amended Complaint under Federal Rule of Civil Procedure 15(c). Rule 15(c) provides that an amendment that changes a

---

[1] Medley has alleged counts of negligence or gross negligence, [R. 21 at ¶¶ 21-24], the tort of outrage, [R. 21 at ¶¶ 25-26], intentional infliction of emotional distress, [R. 21 at ¶¶ 27-28], assault and battery, [R. 21 at ¶¶ 29-30], and medical malpractice, [R. 21 at ¶¶ 31-32]. Each of these claims is subject to the one-year statute of limitations. *See Litsey v. Allen*, 371 S.W.3d 786, 790 (Ky. Ct. App. 2012) (citing KRS 413.140(1)(e)) (holding that the one-year statute of limitations, not the general five-year statute of limitations, applies to any personal injury tort claim brought against a medical professional). Medley offers no argument or authority to the contrary and concedes that his claims are subject to a one-year statute of limitations under Kentucky law. [[R, 38-1 at 2].

4

defendant and arises from the same transaction or occurrence relates back to the date of the original pleading if the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Both of these requirements must have occurred within 120 days of the filing of the original complaint. *Id.* (citing Fed. R. Civ. P. 4(m)).

Medley contends that, because he included "unknown doctor(s)" and "unknown nurse(s)" in his First Amended Complaint and has since discovered their identities, his "mistake in knowing the true identit[ies]" of Dr. Waldridge, Nurse Aldridge, and Nurse Peach warrants relation back. [Pl.'s Resp., R. 38-1 at 3]. The Sixth Circuit, however, holds that "adding new, previously unknown defendants in place of 'John Doe' defendants is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)." *Smith v. City of Akron*, No. 10-4418, 476 Fed. App'x 67 (6th Cir. 2012) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). In other words, "absence of knowledge is not a mistake" within the meaning of Rule 15(c)(1)(C)(ii). *Brown v. Cuyahoga Cnty.*, No. 12-3562, 517 Fed. App'x 431 (6th Cir. 2013).

The Supreme Court recently clarified the "mistaken identity" prong of Rule 15(c). *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538 (2010). The plaintiff in *Krupski* knew of two potential parties when she filed suit, but sued the wrong party due to a misunderstanding of its role in the events. *This* kind of "deliberate but mistaken choice,"

5

the Court held, "does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* at 549.

But Medley's situation is distinct from Krupski's. He did not "make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period." *Smith*, 476 Fed. App'x at 69. In two unreported cases, the Sixth Circuit has confirmed that even after *Krupski*, Rule 15(c) only permits relation-back for misnomers or mistaken identities – not for "defendants to be named later through 'John Doe,' 'Unknown Defendants,' or other missing appellations" like the "unknown doctor(s)" and "unknown nurse(s)" here. *Id.* (collecting cases from other circuits); *see also Brown*, 517 Fed. App'x at 434 (confirming that the *Cox* rule still applies even after *Krupski*). Medley cannot satisfy the "mistaken identity" prong of Rule 15(c)(1)(C).

Medley focuses on the notice prong of Rule 15(c)(1)(C)(ii): Since the First Amended Complaint named SHP, "unknown doctor(s)," and "unknown nurse(s)" as defendants, Medley contends that Dr. Waldridge, Nurse Aldridge, and Nurse Peach – as SHP's employees – must have had constructive notice of the suit or can be imputed with the knowledge that they too would be sued. But the requirements of the relation back rule for changing parties are not disjunctive. Fed. R. Civ. P. 15(c)(1)(C) (emphasis added) (requiring that the new party "(i) received . . . notice of the action . . .; *and* (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."); *see also, e.g.*, *Smith*, 476 Fed. App'x at 69 (declining to reach the merits of the plaintiff's notice argument because he could not satisfy the mistaken identity prong); *Bradford*, 767 F. Supp. 2d at 748-49 ("[A]ll three of

Rule 15(c)(1)(C)'s elements must be satisfied for an amended pleading to relate back."). Because Medley cannot satisfy the mistaken identity prong of Rule 15(c)(1)(C) as a matter of law, the Court need not decide whether these three defendants had constructive or actual notice of the suit.  Medley's claims against Dr. Waldridge, Nurse Aldridge, and Nurse Peach do not relate back to his First Amended Complaint, and he has conceded that all of his claims are subject to Kentucky's one-year statute of limitations. [R. 38-1 at 2].  As such, the claims against these three defendants are time-barred and must be dismissed.

### III

Accordingly, and for the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Motion for Judgment on the Pleadings by Defendants Ronald Waldridge, M.D., Dana Aldridge, and Christina Peach [R. 35] is **GRANTED**; and

2. All of Plaintiff Robert Medley's claims as against Defendants Ronald Waldridge, M.D., Dana Aldridge, and Christina Peach are **DISMISSED WITH PREJUDICE**; and

3. Defendants Ronald Waldridge, M.D., Dana Aldridge, and Christina Peach are **DISMISSED** as party defendants.

This the 30th day of April, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge